NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30587
19-SEP-2012
10:37 AM**

NO. 30587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DONNA W. KUEHU, Plaintiff-Appellant,
and TRINA K. LEE and STEVEN K. ROBELLO,
Plaintiffs-Appellees
v.
GATE GOURMET, INC., STATE OF HAWAII;
BARBARA G. KAM; JACQUELINE SHOOK;
BERNADETTE ERWIN, Defendants-Appellees,
and DOE DEFENDANTS 1-100, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1542)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Plaintiff-Appellant Donna W. Kuehu ("Kuehu") appeals from the following orders, judgments, and notice of entry of judgment issued by the Circuit Court of the First Circuit ("Circuit Court"): Order Granting Defendants Barbara G. Kam, Jacquelyn Shook and Bernadette Erwin's Motion to Dismiss First Amended Complaint, Filed August 27, 2007, filed December 18, 2007;[1] Order Granting Defendant State of Hawai'i's (1) Motion for Summary Judgment Filed January 14, 2008, and (2) Supplemental Motion for Summary Judgment Filed July 16, 2008, filed February 4, 2009;[2] Order Granting Defendant Gate Gourmet, Inc.'s Motion for Summary Judgment Filed January 12, 2010, filed March 15, 2010;[3] Judgment, filed May 27, 2010;[4] Notice of Entry of

---

[1]    The Honorable Sabrina S. McKenna presided.

[2]    The Honorable Sabrina S. McKenna presided.

[3]    The Honorable Rom A. Trader presided.

[4]    The Honorable Robert M. Browning presided.

Judgment, filed May 27, 2010; Order Granting Defendant State of Hawai'i's Motion For Award of Costs Filed March 30, 2010, filed June 7, 2010;[5] and Judgment in Favor of Defendants Barbara G. Kam, Jacquelyn Shook, Bernadette Erwin and State of Hawai'i, filed June 29, 2010.[6]

On appeal, Kuehu contends that the Circuit Court erred by: (1) dismissing all claims against Defendants-Appellees Barbara G. Kam, Jacquelyn Shook, and Bernadette Erwin (collectively, "Co-Employees"); (2) rendering summary judgment in favor of the State of Hawai'i ("State"); (3) rendering summary judgment in favor of Gate Gourmet, Inc. ("Gate Gourmet"); and (4) granting the State's motion for award of costs pursuant to Hawaii Revised Statutes ("HRS") § 607-14.5 (Supp. 2011).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kuehu's points of error as follows:

(1) Kuehu fails to show that the Circuit Court erred in dismissing the claims against Co-Employees. The Circuit Court explained that Kuehu's claims against Co-Employees failed as a matter of law and dismissed the first amended complaint without prejudice on December 18, 2007. As Kuehu concedes, no motion to amend the first amended complaint was filed.[7]

Kuehu's citations to an excerpt of a transcript of a hearing which was held on February 25, 2008 and a document dated October 1, 2008, do not address the deficiencies in the first amended complaint. Thus, Kuehu's argument is without merit.

---

[5]     The Honorable Robert M. Browning presided.

[6]     The Honorable Robert M. Browning presided.

[7]     Here and throughout the opening brief, Kuehu incorporates unspecified additional arguments into her brief by generally referring to the record rather than articulating specific arguments. The Hawai'i Supreme Court has held that incorporating arguments by reference from the record into an opening brief violates the Hawai'i Rules of Appellate Procedure("HRAP") Rule 28(a) and that such arguments should be disregarded. *Kapiolani Comm. Ctr. v. A&S P'ship*, 68 Haw. 580, 584, 723 P.2d 181, 184-85 (1986). Furthermore, arguments by reference violate HRAP Rule 28(b)(7). While Kuehu proceeds pro se and we strive to address such cases on their merits, *Housing Fin. Dev. Corp. v. Ferguson*, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999), general references to the record do not provide us an adequate basis from which to do so.

(2) Kuehu's argument in support of her second point of error ignores the requirement that an opening brief must contain "the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and the parts of the record relied on." Haw. R. App. P. 28(b)(7). To the extent that we are able to discern Kuehu's legal argument, she fails to show how the Circuit Court erred in granting the State summary judgment.

(3) Kuehu argues that the Circuit Court erred in granting Gate Gourmet summary judgment because the opinions of Mr. Jim Reinhardt ("Reinhardt") and Mr. Raymond Stockton ("Stockton") raise a genuine issue of material fact as to causation. Kuehu does not argue that the Circuit Court should have granted her a continuance and does not challenge the fact that she needed to present expert testimony showing causation of damages.

At the February 3, 2010 hearing, Kuehu admitted that she did not have an expert who could show causation of her injuries and, instead, was seeking more time for discovery. Indeed, Reinhardt's opinions pertain to conditions at the United Airlines Support Facility building at the time of his inspection on November 10, 2009, rather than at the time of the alleged exposure, and the excerpt of Stockton's memorandum cited by Kuehu on appeal is not an opinion, but a statement that he found certain documents provided by Kuehu to be "interesting." Thus, Kuehu has not shown error.

(4) Kuehu's argument focusing on the State's entitlement to costs under HRS § 607-14.5 is not on point. Hawai'i Rules of Civil Procedure ("HRCP") Rule 54(d)(1) states that, except as otherwise provided, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Here, the State sought costs pursuant to HRCP Rule 54(d) and HRS § 607-9 (which defines the proper scope of an award of costs) as a prevailing party. Because the State moved for costs pursuant to HRCP Rule 54(d)(1) as a prevailing party, HRS § 607-14.5 is inapposite, and Kuehu's argument that costs were erroneously entered is without merit.

Therefore, the Circuit Court's Order Granting Defendants Barbara G. Kam, Jacquelyn Shook and Bernadette Erwin's Motion to Dismiss First Amended Complaint, Filed August 27, 2007, filed December 18, 2007; Order Granting Defendant State of Hawai'i's (1) Motion for Summary Judgment Filed January 14, 2008, and (2) Supplemental Motion for Summary Judgment Filed July 16, 2008, filed February 4, 2009; Order Granting Defendant Gate Gourmet, Inc.'s Motion for Summary Judgment Filed January 12, 2010, filed March 15, 2010; Judgment, filed May 27, 2010; Notice of Entry of Judgment, filed May 27, 2010; Order Granting Defendant State of Hawai'i's Motion For Award of Costs Filed March 30, 2010, filed June 7, 2010; and Judgment in Favor of Defendants Barbara G. Kam, Jacquelyn Shook, Bernadette Erwin and State of Hawai'i, filed June 29, 2010, are affirmed.

DATED: Honolulu, Hawai'i, September 19, 2012.

On the briefs:

Donna W. Kuehu
Pro Se Plaintiff-Appellant.

Gail Y. Cosgrove and
Kunio Kuwabe
(Hisaka Yoshida & Cosgrove)
for Defendant-Appellee
Gate Gourmet, Inc.

Jay S. Handlin,
Duane R. Miyashiro, and
Lindsay N. Mcaneeley
(Carlsmith Ball LLP)
for Defendants-Appellees
Barbara G. Kam, Jacquelyn
Shook, Bernadette Erwin,
and State of Hawaii.

Presiding Judge

Associate Judge

Associate Judge

4